IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A., § § § § Plaintiffs, § § v. § § APPLE INC., § § Defendant. § § | | Civil Action No. 1:18-cv-158<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. ("Uniloc USA") and Uniloc Luxembourg, S.A. ("Uniloc Luxembourg") (together, "Uniloc"), for their complaint against defendant, Apple Inc. ("Apple"), allege as follows:

### THE PARTIES

1. Uniloc USA is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc USA also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Apple is a California corporation, having a principal place of business in Cupertino, California and regular and established places of business at 12535 Riata Vista Circle and 5501 West Parmer Lane, Austin, Texas. Apple offers its products and/or services, including

2894317.v1

those accused herein of infringement, to customers and potential customers located in Texas and in the judicial Western District of Texas. Apple may be served with process through its registered agent for service in Texas: CT Corporation System, 1999 Bryant Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Apple has committed acts of infringement in this judicial district and has regular and established places of business in this district, as set forth above.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,868,079)

6. Uniloc incorporates paragraphs 1-5 above by reference.

7. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 6,868,079 ("the '079 Patent"), entitled RADIO COMMUNICATION SYSTEM WITH REQUEST RE-TRANSMISSION UNTIL ACKNOWLEDGED, which issued on March 15, 2005. A copy of the '079 Patent is attached as Exhibit A.

8. Uniloc USA is the exclusive licensee of the '079 Patent, with ownership of all substantial rights, including the right to grant sublicenses, to exclude others, and to enforce and recover past damages for infringement.

9. The '079 Patent describes in detail and claims in various ways inventions in systems and devices developed by Koninklijke Philips Electronics N.V. around 1998 for

improved communication of data therebetween wherein one or more secondary stations is allocated time slots in which to request services from a primary station.

10. The '079 Patent describes problems and shortcomings in the then-existing field of communications between portable devices and describes and claims novel and inventive technological improvements and solutions to such problems and shortcomings. The technological improvements and solutions described and claimed in the '079 Patent were not conventional or generic at the time of their respective inventions but involved novel and non-obvious approaches to the problems and shortcomings prevalent in the art at the time.

11. The inventions claimed in the '079 Patent involve and cover more than just the performance of well-understood, routine and/or conventional activities known to the industry prior to the invention of such novel and non-obvious systems and devices by the '079 Patent inventor.

12. The inventions claimed in the '079 Patent represent technological solutions to technological problems. The written description of the '079 Patent describes in technical detail each of the limitations of the claims, allowing a person of ordinary skill in the art to understand what the limitations cover and how the non-conventional and non-generic combination of claim elements differ markedly from and improved upon what may have been considered conventional or generic.

13. Apple imports, uses, offers for sale, and sells in the United States electronic devices that implement 3G and LTE standards. Such devices include: (1) iPhone (1st generation), iPhone 3G, iPhone 3GS, iPhone 4, iPhone 4s, iPhone5, iPhone 5c, iPhone 5s, iPhone 6, iPhone 6 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 7, iPhone 7 Plus, iPhone 8, iPhone 8 Plus, iPhone X smartphones, and (2) iPad (3rd, 4th and 5th generation), iPad Mini, iPad

Mini 2, iPad Mini 3, iPad Mini 4, iPad Pro, iPad Air, iPad Air 2 tablets (collectively "Accused Infringing Devices").

14. The Accused Infringing Devices are used in communications systems wherein one device is a primary device that allocates time slots to one or more secondary devices in which the secondary device(s) may request services from the primary device.

15. Apple has infringed, and continues to infringe, claims of the '079 Patent in the United States, including claims 17-18, by making, using, offering for sale, selling and/or importing the Accused Infringing Devices in violation of 35 U.S.C. § 271(a).

16. Apple has also infringed, and continues to infringe, claims 17-18 of the '079 Patent by actively inducing others to use, offer for sale, and sell the Accused Infringing Devices. Apple's customers who use those devices in accordance with Apple's instructions infringe claims 17-18 of the '079 Patent, in violation of 35 U.S.C. § 271(a). Apple intentionally instructs its customers to infringe through training videos, demonstrations, brochures, installation and user guides, such as those located at:

- www.apple.com
- https://www.apple.com/ios/app-store/
- https://support.apple.com/en-us/
- https://developer.apple.com/app-store/product-page/
- https://www.apple.com/iphone-7/specs/
- www.apple.com/iphone/compare/
- www.iphonefaq.org/archives/973945
- https://support.apple.com/en-us/ht204091
- www.youtube.com/user/apple

4

Apple also induces infringement by others by failing to remove or diminish the infringing features of the Accused Infringing Devices. Apple is thereby liable for infringement of the '079 Patent under 35 U.S.C. § 271(b).

17. Apple has also infringed, and continues to infringe, claims 17-18 of the '079 patent by offering to commercially distribute, commercially distributing, or importing the Accused Infringing Devices which devices are used in practicing the processes, or using the systems, of the '079 patent, and constitute a material part of the invention. Apple knows portions of the Accused Devices to be especially made or especially adapted for use in infringement of the '079 patent, not a staple article, and not a commodity of commerce suitable for substantial noninfringing use. Apple is thereby liable for infringement of the '079 Patent under 35 U.S.C. § 271(c).

18. Apple will have been on notice of the '079 Patent since, at the latest, the service of this complaint upon it. By the time of trial, Apple will have known and intended (since receiving such notice) that its continued actions would actively induce and contribute to the infringement of claims 17-18 of the '079 Patent.

19. Apple may have infringed the '079 Patent through other software and devices utilizing the same or reasonably similar functionality, including other versions of the Accused Infringing Devices.

20. Uniloc has been damaged by Apple's infringement of the '079 Patent.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against Apple:

(A) declaring that Apple has infringed the '079 Patent;

5

(B) awarding Uniloc its damages suffered as a result of Apple's infringement of the '079 Patent;

(C) awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(D) granting Uniloc such further relief as the Court finds appropriate.

## DEMAND FOR JURY TRIAL

Uniloc demands trial by jury, under Fed. R. Civ. P. 38.

Date: February 22, 2018					Respectfully submitted,

*/s/ Edward R. Nelson, III*					
Kevin Gannon
Massachusetts State Bar No. 640931
James J. Foster
Massachusetts State Bar No. 553285
Aaron Jacobs
Massachusetts State Bar No. 677545
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000
Email: kgannon@princelobel.com
Email: jfoster@princelobel.com
Email: ajacobs@princelobel.com

Edward R. Nelson III
ed@nelbum.com
Texas State Bar No. 00797142
Anthony M. Vecchione
anthony@nelbum.com
Texas State Bar No. 24061270
**NELSON BUMGARDNER PC**
3131 West 7th Street, Suite 300
Fort Worth, TX 76107
Tel: (817) 377-9111
Fax: (817) 377-3485

**ATTORNEYS FOR THE PLAINTIFFS**